**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

KATHLEEN BAILEY,                    )     No. EDCV 04-300 CW
                                    )
              Plaintiff,            )     DECISION AND ORDER
        v.                          )
                                    )
JO ANNE B. BARNHART,                )
Commissioner, Social Security       )
Administration,                     )
                                    )
              Defendant.            )
_____    )

        The parties have consented, under 28 U.S.C. § 636(c), to the

jurisdiction of the undersigned Magistrate Judge.  Plaintiff seeks

review of the Commissioner's denial of disability benefits.  As

discussed below, the court finds that the Commissioner's decision

should be reversed and this matter remanded for further proceedings.

                         **I.  BACKGROUND**

        Plaintiff Kathleen Bailey was born on July 10, 1952, and was

fifty years old at the time of her administrative hearing. [AR 53,

313.]  She has a high school education and past relevant work

experience as a home healthcare aide, presser and alterations

1

1  seamstress for a dry cleaning business, and a newspaper inserter. [AR

2  18.]  Plaintiff alleges disability on the basis of ulcerative colitis,

3  arthritis and anemia. [Id.]

## II.  PROCEEDINGS IN THIS COURT

5      Plaintiff's complaint was filed on March 16, 2004.  On October

6  14, 2004, defendant filed plaintiff's Administrative Record ("AR").

7  On January 21, 2005, the parties filed their Joint Stipulation ("JS")

8  identifying matters not in dispute, issues in dispute, the positions

9  of the parties, and the relief sought by each party.  Because this

10 version of the JS did not contain defendant's portion, an amended

11 version was refiled on December 20, 2005, containing both parties'

12 contentions.  This matter has been taken under submission without oral

13 argument.

## III.  PRIOR ADMINISTRATIVE PROCEEDINGS

15     Plaintiff applied for supplemental security income ("SSI") on

16 March 28, 2002, alleging disability since February 23, 2002.  [AR 53,

17 57.]  An administrative hearing was held on July 7, 2003, before

18 Administrative Law Judge ("ALJ") John W. Belcher.  [Transcript, AR

19 313.]  Plaintiff appeared without counsel, and testimony was taken

20 from plaintiff, medical expert Sami Nafoosi, and vocational expert

21 Sandra Fioretti. [Id.]  The ALJ denied benefits on July 25, 2003.

22 [Decision, AR 22.]  When the Appeals Council denied review on February

23 6, 2004, the ALJ's decision became the Commissioner's final decision.

24 [AR 2.]

## IV.  STANDARD OF REVIEW

26     Under 42 U.S.C. § 405(g), a district court may review the

27 Commissioner's decision to deny benefits.  The Commissioner's (or

28 ALJ's) findings and decision should be upheld if they are free of

2

1    legal error and supported by substantial evidence.  However, if the
2    court determines that a finding is based on legal error or is not
3    supported by substantial evidence in the record, the court may reject
4    the finding and set aside the decision to deny benefits.  See Aukland
5    v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001); Tonapetyan v.
6    Halter, 242 F.3d 1144, 1147 (9th Cir. 2001); Osenbrock v. Apfel, 240
7    F.3d 1157, 1162 (9th Cir.  2001); Tackett v. Apfel, 180 F.3d 1094,
8    1097 (9th Cir. 1999); Reddick v. Chater, 157 F.3d 715, 720 (9th Cir.
9    1998); Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); Moncada
10   v. Chater, 60 F.3d 521, 523 (9th Cir. 1995)(per curiam).

11        "Substantial evidence is more than a scintilla, but less than a
12   preponderance." Reddick, 157 F.3d at 720.  It is "relevant evidence
13   which a reasonable person might accept as adequate to support a
14   conclusion." Id.  To determine whether substantial evidence supports
15   a finding, a court must review the administrative record as a whole,
16   "weighing both the evidence that supports and the evidence that
17   detracts from the Commissioner's conclusion." Id.  "If the evidence
18   can reasonably support either affirming or reversing," the reviewing
19   court "may not substitute its judgment" for that of the Commissioner.
20   Reddick, 157 F.3d at 720-721; see also Osenbrock, 240 F.3d at 1162.

21                          **V.  DISCUSSION**

22        **A.   THE FIVE-STEP EVALUATION**

23        To be eligible for disability benefits a claimant must
24   demonstrate a medically determinable impairment which prevents the
25   claimant from engaging in substantial gainful activity and which is
26   expected to result in death or to last for a continuous period of at
27   least twelve months.  Tackett, 180 F.3d at 1098; Reddick, 157 F.3d at
28   721; 42 U.S.C. § 423(d)(1)(A).

                                     3

Disability claims are evaluated using a five-step test:

Step one: Is the claimant engaging in substantial gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two.
Step two: Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, then a finding of not disabled is appropriate.
Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Part 404, Subpart P, Appendix 1?  If so, the claimant is automatically determined disabled.  If not, proceed to step four.
Step four: Is the claimant capable of performing his past work?  If so, the claimant is not disabled.  If not, proceed to step five.
Step five: Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995, as amended April 9, 1996); see also Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S. Ct. 2287, 96 L. Ed. 2d 119 (1987); Tackett, 180 F.3d at 1098-99; 20 C.F.R. § 404.1520, § 416.920.  If a claimant is found "disabled" or "not disabled" at any step, there is no need to complete further steps.  Tackett, 180 F.3d 1098; 20 C.F.R. § 404.1520.

Claimants have the burden of proof at steps one through four, subject to the presumption that Social Security hearings are non-adversarial, and to the Commissioner's affirmative duty to assist claimants in fully developing the record even if they are represented by counsel.  Tackett, 180 F.3d at 1098 and n.3; Smolen, 80 F.3d at 1288.  If this burden is met, a prima facie case of disability is made, and the burden shifts to the Commissioner (at step five) to prove that, considering residual functional capacity ("RFC")[1], age,

---

[1]  Residual functional capacity measures what a claimant can still do despite existing "exertional" (strength-related) and "nonexertional" limitations.  Cooper v. Sullivan, 880 F.2d 1152, 1155 n.s. 5-6 (9th Cir. 1989).  Nonexertional limitations limit ability to

4

education, and work experience, a claimant can perform other work which is available in significant numbers. <u>Tackett</u>, 180 F.3d at 1098, 1100; <u>Reddick</u>, 157 F.3d at 721; 20 C.F.R. § 404.1520, § 416.920.

**B. THE ALJ'S EVALUATION IN PLAINTIFF'S CASE**

Here, the ALJ found that plaintiff had not engaged in substantial gainful activity since the alleged onset date of February 23, 2002 (step one), that plaintiff had "severe" impairments, namely inflammatory bowel disease and bilateral hip arthritis (step two), and that plaintiff did not have an impairment or combination of impairments that met or equaled a "listing" (step three). [AR 18, 19.] Based on the testimony of the medical expert, the ALJ found that plaintiff had an RFC consistent with an ability to perform light work. [AR 20.] After consulting the opinion of the VE, the ALJ found that plaintiff's RFC enabled her to perform her past relevant work as a presser and alterations seamstress (step four). [<u>Id.</u>] Thus, the ALJ found that plaintiff was not under a "disability" as defined by the Social Security Act. [AR 21.]

**C. ISSUES IN DISPUTE**

The Joint Stipulation identifies four disputed issues:

1. Whether plaintiff gave an informed waiver of her right to counsel at the hearing;

2. Whether the record was fully developed regarding plaintiff's mental impairments;

3. Whether the record was fully developed regarding plaintiff's ulcerative colitis; and

---

work without directly limiting strength, and include mental, sensory, postural, manipulative, and environmental limitations. <u>Penny v. Sullivan</u>, 2 F.3d 953, 958 (9th Cir. 1993); <u>Cooper</u>, 800 F.2d at 1155 n.7; 20 C.F.R. § 404.1569a(c). Pain may be either an exertional or a nonexertional limitation. <u>Penny</u>, 2 F.3d at 959; <u>Perminter v. Heckler</u>, 765 F.2d 870, 872 (9th Cir. 1985); 20 C.F.R. § 404.1569a(c).

4.     Whether the ALJ properly assessed plaintiff's credibility. [JS 4-5.]

### D.     LACK OF COUNSEL AT THE ADMINISTRATIVE HEARING

Social Security claimants have a statutory right to counsel at an administrative hearing.  20 C.F.R. §404.971.  A claimant may waive that right and elect to proceed without counsel, but the waiver must be knowing and intelligent.  Vidal v. Harris, 637, F.2d 710, 714 (9th Cir. 1981).  Whether or not a claimant has knowingly waived her right to counsel, the determinative issue is whether the ALJ has met his heightened duty, in the absence of counsel, "to conscientiously and scrupulously probe into, inquire of, and explore all the relevant facts" at the hearing so as to protect the claimant's interests. Higbee v. Sullivan, 975 F.2d 558, 561 (9th Cir. 1992); Vidal, 637 F.2d at 713-14 (citing Cox v. Califano, 587 F.2d 988, 991 (9th Cir. 1978)). If a claimant can demonstrate prejudice or unfairness as a result of the ALJ's failure to fully and fairly develop the record, the decision may be set aside.  Vidal, 637 F.2d at 713.

Here, during the administrative hearing, the ALJ noted that plaintiff did not have an attorney.  The ALJ reminded plaintiff that correspondence mailed to plaintiff regarding her case "indicated that you have a right to an attorney or otherwise qualified non-attorney representative." [AR 315.]  The ALJ then went on to question plaintiff:

ALJ: Are you aware that you have the right to an attorney or otherwise non-qualified representative?

CLMT: Yes.

ALJ: And you still choose not to have one here today?

1  CLMT: I didn't get one.

2  ALJ: Okay. And you're willing to proceed without one?

3  CLMT: Yes.

4  ALJ: Okay.

5  [Id.]

6       Based on this exchange, it is unclear whether plaintiff was

7  expressing a desire to proceed without counsel or merely an inability

8  to obtain one. See Duns v. Heckler, 586 F.Supp. 359, 364 (N.D. Cal.

9  1984). Further, the transcript of the hearing does not indicate that

10  the ALJ apprised plaintiff of the benefits of having an attorney.

11  See, e.g., Thompson v. Sullivan, 933 F.2d 581, 584 (7th Cir. 1991)

12  (unrepresented claimant should be advised of importance of having an

13  attorney, of the availability of free legal services, and of the

14  limits on fees to private counsel to 25 percent of retroactive

15  benefits); see also Clark v. Schweiker, 652 F.2d 399, 403 (5th Cir.

16  1981). Based on the limited colloquy between the ALJ and plaintiff

17  regarding plaintiff's lack of representation, it is not clear that

18  plaintiff validly waived her right to counsel.

19       Notwithstanding the validity of plaintiff's waiver, the

20  determinative issue is whether, in the absence of counsel, the ALJ

21  "conscientiously and scrupulously probed into" all of the relevant

22  facts at the hearing so as to protect plaintiff's interests. Here,

23  the vast majority of the record discusses plaintiff's primary

24  impairment, ulcerative colitis. A review of the hearing transcript,

25  however, reveals that the ALJ paid little attention to the effects of

26  the colitis. Despite evidence that plaintiff experienced bloody

27  diarrhea four to five times per day [AR 131] and required frequent

28  trips to the bathroom [AR 85], the ALJ did not ask plaintiff any

7

questions about her limitations due to her colitis.  Neither did the
ALJ ask medical expert Nafoosi what work limitations, if any,
plaintiff would experience due to the symptoms of her colitis.  Cf.
Moore v. Halter, 168 F.Supp.2d 1137, 1141 (N.D. Cal. 2001)(claimant's
colitis required frequent and prolonged trips to bathroom during
workday).  The RFC that was eventually assessed by Dr. Nafoosi, and
adopted by the ALJ, includes no limitations for plaintiff's colitis
other than avoidance of stress, which is known to exacerbate colitis.[2]
[AR 332.]  Accordingly, the hypothetical questions posed to vocational
expert Fioretti regarding the types of jobs plaintiff could perform
included no significant limitations due to plaintiff's colitis.  The
record indicates, however, that plaintiff's colitis was so severe that
it required emergency hospitalization for one week in March 2002. [AR
129-145.]  The ALJ's decision, however, minimizes the episode as a
one-day hospitalization that left plaintiff "improved." [AR 19.]
Under these circumstances, the ALJ did not satisfy his heightened duty
to develop the record fully and fairly in the absence of counsel for
plaintiff.  Had plaintiff been represented by counsel at the hearing,
it is likely that both the medical and vocational experts would have
been cross-examined regarding the functional limitations arising from
plaintiff's colitis, as well as other impairments.[3]  Because the

[2]   The ALJ found that plaintiff had an RFC consistent with an
ability to perform light work, including an ability to lift 20 pounds
occasionally and 10 pounds frequently, stand and/or walk for six hours
in an eight-hour workday with normal breaks, sit for six hours in an
eight-hour workday with normal breaks, retain certain postural and
environmental limitations, and avoid the supervision of others. [AR
21.]

[3]   Plaintiff also alleges that she suffers functional limitations
from weakness and tiredness, medication side effects, stress/anxiety
disorder and visual limitations. [JS 7.]

8

1  existing record does not completely address these limitations, remand

2  for further proceedings is necessary. Cox, 587 F.2d at 991 (ALJ's

3  failure to provide unrepresented claimant with opportunity to

4  elaborate upon crucial issues requires remand); Vidal, 637 F.2d at 714

5  (inadequate examination of vocational expert due to unrepresented

6  plaintiff's inability to perform cross-examination requires remand);

7  Higbee, 975 F.2d at 561 (when ALJ's failure to meet the "heavy burden

8  imposed by Cox" results in prejudice to claimant, the case must be

9  remanded).

10      **E.   THE REMAINING ISSUES**

11      The remaining issues do not warrant reversal or require a remand

12  for further proceedings consistent with the court's resolution of

13  Issue One.

14      In Issue Two, plaintiff argues that the record was not fully

15  developed regarding her stress and anxiety.  Specifically, plaintiff

16  points out that the record contains no psychiatric or psychological

17  examination of plaintiff [JS 9-10], despite the recommendation of a

18  state agency review physician that an examination be administered. [AR

19  265.]  In contrast to the voluminous evidence of plaintiff's colitis,

20  there is no evidence that plaintiff suffers from a mental impairment.

21  It should also be noted that plaintiff declined to be psychiatrically

22  examined and expressed that she was "not interested in pursuing the

23  psychiatric end of this claim,...feels that the stress and anxiety she

24  experiences is no different than other people have,...[and] does not

25  believe there is an underlying psychiatric problem." [Id.]

26  Plaintiff's statements, when combined with the paucity of evidence in

27  the record to indicate that plaintiff has any psychiatric impairment,

28  did not trigger a duty to develop the record regarding a possible

9

1  mental impairment.  Mayes v. Massanari, 276 F.3d 453, 463 (9th Cir.

2  2001)("An ALJ cannot be responsible for diagnosing a problem that a

3  claimant decides not to pursue").  Thus, Issue Two does not warrant

4  reversal.

5      In Issue Three, plaintiff argues that the record was not fully

6  developed regarding her ulcerative colitis.  This issue has already

7  been addressed fully in Issue One.

8      In Issue Four, plaintiff argues that the ALJ improperly assessed

9  plaintiff's credibility.  Under the Ninth Circuit's standard for the

10  evaluation of a plaintiff's credibility, an ALJ is required to provide

11  "clear and convincing" reasons to find plaintiff's allegations not

12  fully credible.  Holohan v. Massanari, 246 F.3d 1195, 1208 (9th Cir.

13  2001).  The ALJ must "specifically identify" the testimony found not

14  credible and "explain what evidence undermines the testimony," and the

15  evidence on which the ALJ relies must be "substantial."  Holohan, 246

16  F.3d at 1208; see also Tonapetyan, 242 F.3d at 1148 ("The ALJ must

17  give specific, convincing reasons for rejecting the claimant's

18  subjective statements."); Light v. Social Security Admin., 119 F.3d

19  789, 792 (9th Cir. 1997).  Here, the ALJ identified only one specific

20  area of plaintiff's testimony that was not credible, specifically, the

21  allegation that she could not lift a five-pound bag of sugar due to

22  weakness in her upper extremities. [AR 20.]  The ALJ's rejected this

23  testimony based on the absence of medical evidence of disability to

24  her upper extremities, as well as plaintiff's ability to perform

25  certain daily activities. [Id.]  While these might be "clear and

26  convincing" reasons to reject that particular portion of plaintiff's

27  testimony, it does not justify a generalized finding that plaintiff's

28  testimony "as to the severity of her symptoms" as a whole was not

10

1 credible. [Id.]  In light of the resolution of Issue One, above, which

2 will require further proceedings to develop the record with respect to

3 plaintiff's colitis, further testimony from plaintiff may be required.

4 In considering that testimony, the ALJ must comply with the Ninth

5 Circuit's standard for assessing plaintiff's credibility.

6 **F.   REMAND FOR FURTHER PROCEEDINGS**

7     The decision whether to remand for further proceedings is within

8 the discretion of the district court.  Harman v. Apfel, 211 F.3d 1172,

9 1175-1178 (9th Cir. 2000).  Where no useful purpose would be served by

10 further proceedings, or where the record has been fully developed, it

11 is appropriate to exercise this discretion to direct an immediate

12 award of benefits.  Harman, 211 F.3d at 1179 (decision whether to

13 remand for further proceedings turns upon their likely utility).

14 However, where there are outstanding issues that must be resolved

15 before a determination can be made, and it is not clear from the

16 record that the ALJ would be required to find the claimant disabled if

17 all the evidence were properly evaluated, remand is appropriate.  Id.

18     Here, as set out above with respect to Issue One, outstanding

19 issues remain before a finding of disability can be made.

20 Accordingly, remand is appropriate.

21

22

23

24

25

26

27

28

1

**VI.   ORDERS**

2      Accordingly, **IT IS ORDERED** that:

3      1.    The decision of the Commissioner is **REVERSED**.

4      2.    This action is **REMANDED** to defendant, pursuant to Sentence

5 Four of 42 U.S.C. § 405(g), for further proceedings as discussed

6 above.

7      3.    The Clerk of the Court shall serve this Decision and Order

8 and the Judgment herein on all parties or counsel.

9

10 DATED: December 28, 2005

11                              _____/s/_____
                               CARLA M. WOEHRLE
12                             United States Magistrate Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28